UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAURICE L. ISAAC, | Case No. 20-11573 |
| Plaintiff, | SENIOR U.S. DISTRICT JUDGE ARTHUR J. TARNOW |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | U.S. MAGISTRATE JUDGE KIMBERLY G. ALTMAN |
| Defendant. / | |

**ORDER ADOPTING REPORT AND RECOMMENDATION [16], OVERRULING DEFENDANT'S OBJECTIONS [17], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14], AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff, Maurice L. Isaac, brings this action under 42 U.S.C. § 405(g) to challenge the final decision of Defendant, Commission of Social Security, denying him Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). The case was referred to the Magistrate Judge for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3).

Plaintiff and Defendant moved for summary judgment on November 30, 2020, and December 23, 2020, respectively. (ECF No. 13; ECF No. 14). On April 29, 2021, the Magistrate Judge issued its R&R, which recommended that Defendant's Motion for Summary Judgment [14] be denied, Plaintiff's Motion [13] be granted in part and denied in part, and the matter be remanded for further proceedings under 42 U.S.C. §

1

405(g). (ECF No. 16). Defendant filed Objections on May 11, 2021. (ECF No. 17). Plaintiff responded on May 25, 2021. (ECF No. 18).

For the reasons set forth below, the Court **OVERRULES** Defendant's Objections [17], **ADOPTS** the R&R [16], **DENIES** Defendant's Motion for Summary Judgment [14], **GRANTS in part and DENIES in part** Plaintiff's Motion for Summary Judgment [13], and **REMANDS** the case for further proceedings consistent with the R&R.

## BACKGROUND

### I.  Procedural History

Plaintiff is a forty-four-year-old man with morbid obesity, chronic obstructive pulmonary disease, asthma, a history of respiratory failure, obstructive sleep apnea, pulmonary hypertension, congestive heart failure, cardiomyopathy, tobacco abuse, a history of tracheostomy in throat, and a history of learning disorder. (ECF No. 11, PageID.61). The Magistrate Judge summarized the procedural history of Plaintiff's claim as follows:

> Isaac was . . . 39 years old at the time of his SSI application date of November 28, 2016. He attended a special education curriculum in school, completed eighth grade, and had prior work experience doing general labor through a temporary staffing service. . . . .
>
> After Isaac's SSI application was denied at the initial level on August 24, 2017, he timely requested an administrative hearing, which was held on April 4, 2019, before the ALJ. Isaac testified at the hearing, as did a vocational expert ("VE"). On June 5, 2019, the ALJ issued a written decision finding that Isaac was not disabled during the relevant time period. On May 5, 2020, the Appeals Council denied review, making the

2

> ALJ's decision the final decision of the Commissioner. Isaac timely filed for judicial review of the final decision.

(ECF No. 16, PageID.1105-06) (citations omitted).

## II. The ALJ's Application of the Disability Framework Analysis

Using the familiar five-step sequential analysis for SSI determinations, *see* 20 C.F.R. § 416.920(a)(4), the ALJ determined that Plaintiff was not disabled under the meaning of the Act. As recounted by the Magistrate Judge:

> At Step One, the ALJ found that Isaac had not engaged in substantial gainful activity since his application date of November 28, 2016. At Step Two, the ALJ found that he had the severe impairments of "Morbid Obesity; Chronic Obstructive Pulmonary Disease (COPD); Asthma; History of Respiratory Failure; Obstructive Sleep Apnea; Pulmonary Hypertension; Congestive Heart Failure; Cardiomyopathy; Tobacco Abuse; History of Tracheostomy in Throat; and History of Learning Disorder." At Step Three, the ALJ found that Isaac's impairments, whether considered alone or in combination, did not meet or medically equal a listed impairment.
>
> The ALJ then assessed Isaac's residual functional capacity ("RFC"), concluding that he was capable of performing sedentary work as defined in 20 C.F.R. § 416.967(a), [albeit] with [several] . . . additional limitations . . . .
>
> At Step Four, the ALJ found that Isaac was unable to perform any past relevant work. At Step Five, the ALJ determined, based in part on testimony provided by the VE in response to hypothetical questions, that Isaac was capable of performing the jobs of table worker (3,289 jobs nationally), ticket counter (4,006 jobs nationally), and glass waxer (1,489 jobs nationally). As a result, the ALJ concluded that Isaac was not disabled under the Act.

(*Id.* at 1114-15) (citations omitted).

3

## STANDARD OF REVIEW

The Court reviews "specific written objections" to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c). Vague, generalized objections are not entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F.Supp. 2d 743, 747 (E.D. Mich. 2004). Similarly, an objection that simply disagrees with the Magistrate Judge's conclusion "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). So long as the ALJ's conclusion is supported by substantial evidence,

a court must "defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## ANALYSIS

The R&R concluded that, at Step Five, Defendant failed to carry its burden of identifying work "in the national economy that [Plaintiff] can perform." 20 C.F.R. § 416.920; (ECF No. 16, PageID.1124-25); *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (explaining that the burden shifts "if the analysis reaches the fifth step without a finding that the claimant is not disabled"). Defendant argues, citing *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902 (6th Cir. 2016), that the Magistrate Judge erred in concluding that 8,784 jobs in the national economy is not a significant number. (ECF No. 17, PageID.1138). Ultimately, however, the Court agrees with the Magistrate Judge's thorough and well-reasoned analysis.

There is no "magic number" to distinguish "the boundary between a 'significant number' and an insignificant number of jobs," and the Sixth Circuit's decisions with respect to what constitutes a significant number are "to be viewed in the context of [their respective] case[s] only." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). Accordingly, *Taskila*'s holding that 6,000 jobs in the national economy is sufficiently significant, is not determinative. The same goes for the unpublished decision *Nejat v.*

5

*Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009) (holding that 2,000 jobs in the national economy is significant).

And for the reasons discussed by the Magistrate Judge and cited by number of district courts across the country—namely, *Taskila*'s (and *Nejat*'s) conflation of national and regional numbers in the significant numbers inquiry—the Court finds their conclusions unpersuasive. (ECF No. 16, PageID.1121); *see, e.g.*, *James A. v. Saul*, 471 F. Supp. 3d 856, 859 n.1 (N.D. Ind. 2020) (noting that "*Taskila* relies, at least in part, on a misunderstanding" regarding national and regional job numbers); *see also, e.g.*, *Ellis v. Kijakazi*, No. 20-CV-719, 2021 U.S. Dist. LEXIS 149688, at *17 (E.D. Wis. Aug. 9, 2021) (same); *Kathy H. v. Comm'r of Soc. Sec.*, No. 5:19-CV-684 (ATB), 2020 U.S. Dist. LEXIS 121971, at *39 (N.D.N.Y. July 13, 2020) (same); *Peach v. Berryhill*, No. 1:17-CV-00201-MAT, 2018 U.S. Dist. LEXIS 148339, at *10 (W.D.N.Y. Aug. 30, 2018) ("[A] review of the cases cited in *Taskila* for that conclusion demonstrates that the *Taskila* court failed to differentiate between numbers in the local economy, versus nationwide.").

As the Magistrate Judge noted:

> There is little support for the contention that 8,784 total jobs in the national economy is a significant number. That number equates to an average of about 176 jobs per state, which assumes that there are an equal number of each of the three identified jobs in each state and that each state has such jobs. And given Isaac's impairments and the highly restrictive RFC crafted by the ALJ, the lack of analysis provided by the ALJ on any of the *Hall v. Bowen* factors, or any other factors, provides nothing for this Court to review in concluding whether this decision was based on substantial evidence.

(ECF No. 16, PageID.1124-25). Against this backdrop, the Court agrees that remand is appropriate.

Accordingly,

**IT IS ORDERED** that Defendant's Objections [17] are **OVERRULED.**

**IT IS FURTHER ORDERED** that the R&R [16] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [14] is **DENIED** and Plaintiff's Motion for Summary Judgment is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that the case is **REMANDED** for further proceedings consistent with the R&R.

**SO ORDERED.**

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: September 14, 2021         Senior United States District Judge