UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE L. ISAAC,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 2:20-cv-11573
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION ON PETITION FOR ATTORNEY FEES (ECF No. 21)

### I.    Introduction

This is a social security case. Plaintiff Maurice L. Isaac brought this action under 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties filed summary judgment motions (ECF Nos. 13, 14), which were referred to the undersigned for a Report and Recommendation (R&R) under 28 U.S.C. § 636(b)(1)(B). The undersigned recommended that the Commissioner's motion be denied, Isaac's motion be granted in part and denied in part, and the matter be remanded for further proceedings under sentence four of 42 U.S.C. §

1

405(g). (ECF No. 16). The Commissioner objected. (ECF No. 17). The district court adopted the R&R (ECF No. 19) and a judgment entered which is now final. (ECF No. 20).

Before the Court is Isaac's petition for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA") (ECF No. 21) which has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. 636(b)(1)(B). (ECF No. 25). Isaac's counsel seeks a total award of $6,558.25, representing 35.45 hours of attorney work at a rate of $185.00 an hour.

For the reasons set forth below, notwithstanding Isaac's success in obtaining a remand on the issue of whether the jobs identified by the ALJ were sufficient in number, the Commissioner's position on that and the other issue in the case was "substantially justified" within the meaning of the EAJA. Accordingly, it is RECOMMENDED that Isaac's petition be DENIED.

## II.   Background

As set forth in the prior R&R:

> Isaac was born on May 28, 1977, making him 39 years old at the time of his SSI application date of November 28, 2016. (ECF No. 11, PageID.61). He attended a special education curriculum in school, completed eighth grade, and had prior work experience doing general labor through a temporary staffing service. (*Id*., PageID.82, 93, 219). He alleged disability due to sleep apnea, learning problems, "trachs in throat," gall bladder issues, a feeding tube, high blood pressure, and asthma. (*Id*., PageID.218).

2

> After Isaac's SSI application was denied at the initial level on August 24, 2017 (*Id.*, PageID.117), he timely requested an administrative hearing, which was held on April 4, 2019, before the ALJ. (*Id.*, PageID.77-103). Isaac testified at the hearing, as did a vocational expert ("VE"). (*Id.*). On June 5, 2019, the ALJ issued a written decision finding that Isaac was not disabled during the relevant time period. (*Id.*, PageID.59-71). On May 5, 2020, the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (*Id.*, PageID.45-52). Isaac timely filed for judicial review of the final decision. (ECF No. 1).

(ECF No. 16, PageID.1105-1106).

After assessing Isaac's residual functional capacity ("RFC"), the ALJ concluded that he was capable of performing sedentary work as defined in 20 C.F.R. § 416.967(a), with several limitations. The ALJ went on to find at that at Step Four, Isaac was unable to perform any past relevant work. (*Id.*, PageID.69). At Step Five, the ALJ determined, based in part on testimony provided by the VE in response to hypothetical questions, that Isaac was capable of performing the jobs of table worker (3,289 jobs nationally), ticket counter (4,006 jobs nationally), and glass waxer (1,489 jobs nationally). (*Id.*, PageID.70). As a result, the ALJ concluded that Isaac was not disabled under the Act. (*Id.*, PageID.71).

In challenging the ALJ's decision, Isaac presented essentially two arguments. He first argued that the ALJ erred at step five of the sequential analysis, claiming specifically that the occupations of table worker, ticket counter, and glass waxer, which made up 8,784 jobs in the national economy, did not satisfy the requirement to identify work that exists "in significant numbers either in

3

the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A). After examining several cases, including a case from the Sixth Circuit, *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016), the undersigned concluded that a remand was warranted because the approximately 8,000 job identified by the ALJ was not a significant number within the meaning of the Act or consistent with case law considering the issue. The undersigned therefore recommended remand "for the ALJ to consider whether the relatively small number of jobs available to Isaac in the national economy is a significant number, using a claimant-specific, factual analysis as outlined in *Hall v. Bowen,* 837 F.2d 272 (6th Cir. 1988)." (*Id*., PageID.1134). As noted above, the Commissioner objected to a remand on this ground. The district court overruled the objections and adopted the recommendation.

Isaac also argued that the ALJ's RFC was not supported by substantial evidence, largely based on the ALJ's consideration of treating physician Dr. Hammoud's medical opinion and faulting the ALJ for not relying on a medical opinion to formulate the RFC. The undersigned found this issue did not warrant a remand and no objections were filed on this issue.

### III. Legal Standard

The EAJA is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on*

*other grounds by Ne. Ohio Coal. for the Homeless (NEOCH) v. Husted*, 831 F.3d 686 (6th Cir. 2016). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

The question of whether the position of the United States was "substantially justified" is answered with respect to not only the civil action, but the administrative decision upon which the civil action is based:

> (D) 'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based. . . .

28 U.S.C. § 2412(d)(2)(D).

Substantial justification under the EAJA is defined as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). The government bears the burden of proving substantial justification. *DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, 726 (6th Cir. 2014).

This standard envisions that the government's position must be "more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566 n.2.

5

However, it may be "justified even though it is not correct." *Id*. at 566 n.2; *see also Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) ("While the EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong.").

In considering whether the government's position is substantially justified, courts "distinguish between cases in which 'the government lost because it vainly pressed a position "flatly at odds with the controlling case law" and cases in which 'the government lost because an unsettled question was resolved unfavorably.' " *Griffith v. Comm'r Soc. Sec.*, 987 F.3d 556, 564 (6th Cir. 2021) (citing and quoting *Taucher v. Brown-Hruska*, 396 F.3d 1168, 1174 (D.C. Cir. 2005)).

IV.   Discussion

The crux of the fee petition is whether the Commissioner's reliance on *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902 (6th Cir. 2016), for the proposition that jobs existed in significant numbers was substantially justified. In *Taskila* the Sixth Circuit stated that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed "significant.' " *Id*. at 905. As such, the Commissioner argued that the approximately 8,000 jobs identified in the hypothetical met the Act's requirements.

6

As the undersigned noted, in looking at the string citation of cases cited in *Taskila*, "the *Taskila* court appears to have overlooked a key fact that at least one other court has recognized: the job numbers from every cited case except one referred to *regional*, not *national*, numbers. See id. (citing *Liskowitz v. Astrue*, 559 F.3d 736, 743 (7th Cir. 2009) (referring to 1,000 jobs in a regional area); *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988) (500 jobs regionally); *Barker v. Secretary of Health and Human Services,* 882 F.2d 1474, 1479 (9th Cir. 1989) (1,266 jobs regionally))." (ECF No. 16, PageID.1120) (footnote omitted).

In adopting the R&R, the district court further explained:

> There is no "magic number" to distinguish "the boundary between a 'significant number' and an insignificant number of jobs," and the Sixth Circuit's decisions with respect to what constitutes a significant number are "to be viewed in the context of [their respective] case[s] only." *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988). Accordingly, *Taskila*'s holding that 6,000 jobs in the national economy is sufficiently significant, is not determinative. The same goes for the unpublished decision *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 579 (6th Cir. 2009) (holding that 2,000 jobs in the national economy is significant).
>
> And for the reasons discussed by the Magistrate Judge and cited by number of district courts across the country—namely, *Taskila*'s (and *Nejat*'s) conflation of national and regional numbers in the significant numbers inquiry—the Court finds their conclusions unpersuasive. (ECF No. 16, PageID.1121); *see, e.g., James A. v. Saul*, 471 F. Supp. 3d 856, 859 n.1 (N.D . Ind. 2020) (noting that "*Taskila* relies, at least in part, on a misunderstanding" regarding national and regional job numbers); *see also, e.g., Ellis v. Kijakaz*, No. 20-CV-719, 2021 U.S. Dist. LEXIS 149688, at *17 (E.D. Wis. Aug. 9, 2021) (same); *Kathy H. v. Comm'r of Soc. Sec.*, No. 5:19-CV-684 (ATB), 2020 U.S. Dist. LEXIS 121971, at *39 (N.D.N.Y. July 13, 2020) (same); *Peach v.*

7

> *Berryhill*, No. 1:17-CV-00201-MAT, 2018 U.S. Dist. LEXIS 148339, at *10 (W.D.N.Y. Aug. 30, 2018) ("[A] review of the cases cited in *Taskila* for that conclusion demonstrates that the Taskila court failed to differentiate between numbers in the local economy, versus nationwide.")

(ECF No. 19, PageID.1160-61).

A fair reading of the conclusion of the undersigned and the district court is that the holding in *Taskila* was not persuasive because the court had conflated national numbers with regional numbers. The flaw in *Taskila*'s holding does not render the Commissioner's reliance on it unreasonable. It is undisputed that on its face the Sixth Circuit's statement in *Taskila* supported the Commissioner's position. The Commissioner's argument had a reasonable basis in fact and the law. While upon scrutiny the Commissioner reliance was found to be misplaced, it does not follow that the Commissioner's reliance on *Taskila* must lead to the conclusion that its position was not substantially justified.

Finally, it is worth noting that Isaac obtained only a partial remand inasmuch as he did not obtain a remand on his argument related to the RFC. Thus, the Commissioner prevailed on this issue, which also undercuts a finding that its position was not substantially justified.[1]

---

[1] In light of the conclusion that the Commissioner's decision was substantially justified, it is not necessary to consider whether the amount of fees requested is reasonable.

V. Conclusion

Although Isaac obtained some success with a remand, the EAJA limits an award of attorney fees to only those instances where the Commissioner takes a position in opposition that is not substantially justified. The Commissioner's argument and reliance on *Taskila* does not rise to that level. Accordingly, for the reasons stated above, the undersigned RECOMMENDS that the petition for attorney fees be DENIED.

Dated: April 22, 2022  s/Kimberly G. Altman
Detroit, Michigan  KIMBERLY G. ALTMAN
United States Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

9

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2022.

                          s/Carolyn Ciesla
                          CAROLYN CIESLA
                          Case Manager