UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MAURICE L. ISAAC,**<br><br>Plaintiff,<br><br>vs.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>Defendant. | 2:20-CV-11573-TGB-KGA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 26)** |

This case was reassigned to this Court from the Honorable Arthur J. Tarnow, after issuance of an order and judgment remanding Mr. Isaac's case to the ALJ for further proceedings. ECF Nos. 19, 20. Now before the Court is Magistrate Judge Kimberly G. Altman's Report and Recommendation of April 22, 2022, recommending that Plaintiff's Motion for Attorney Fees be denied. ECF No. 26.

The Court has reviewed Magistrate Judge Altman's Report and Recommendation, and Plaintiff's objection thereto. For the reasons set forth below, Plaintiff's objection is **OVERRULED**, and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law. Consequently, Plaintiff's Motion for Attorney Fees is **DENIED**.

1

## I. BACKGROUND

The Court will review pertinent details of the underlying case. Plaintiff Maurice Isaac applied for disability insurance in 2016 due to sleep apnea, learning problems, "trachs in throat," gall bladder issues, a feeding tube, high blood pressure, and asthma. After being denied at both the initial and administrative levels, he properly appealed in federal court.

Some relevant background on this process: Administrative Law Judges ("ALJs") follow a five-step analysis as outlined by the Social Security administration to determine whether an individual is "disabled" and therefore eligible for benefits under the Social Security Act. Steps One through Four evaluate whether the claimant is engaged in any gainful activity, what the nature of her impairments are, what her residual functional capacity ("RFC") or ability to do any work is, and if her RFC would allow them to do any work she had done in the past. If the claimant is found unable to do any of her past work due to her claimed disability, at Step Five the ALJ must determine whether "other work exists in the national economy that the claimant can perform." The Social Security Act provides that "work which exists in the national economy" means "work that exists in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

The Sixth Circuit has acknowledged that this determination of whether jobs exist in "significant numbers" is a "difficult task," and further stated:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the reliability of the claimant's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on. The decision should ultimately be left to the trial judge's common sense in weighing the statutory language as applied to a particular claimant's factual situation.

*Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988)

The ALJ in Plaintiff's case took expert testimony during the hearing that there were at least 8,784 jobs in the national economy that Plaintiff could fill. He then found in his written opinion at Step Five that this was a sufficiently significant number of jobs in the national economy such that Plaintiff was "not disabled" under the meaning of the Social Security Act.

In Plaintiff's motion for summary judgment on appeal, one of his primary arguments was that the ALJ erred in his Step Five analysis. In support, Plaintiff cited to a variety of cases that established a higher threshold for "significant numbers." ECF No. 13, PageID.1063-64. In response, the government cited *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902 (6th Cir. 2016), where the Court found that 6,000 jobs falls within

3

the "significant" range. ECF No. 14, PageID.1089-90. Neither summary judgment briefing mentioned the *Hall v. Bowen* analysis.

Judge Altman, agreeing with Plaintiff, found the ALJ's conclusion regarding available jobs in the national economy was not supported by substantial evidence. She noted as her reasons that (1) the government's argument appeared to be based solely on the *Taskila* case, which she found to be unpersuasive because of its focus on regional rather than national job numbers and (2) she was unable to determine if the ALJ's conclusion was nevertheless supported because "the lack of analysis . . . on any of the *Hall v. Bowen* factors . . . provides nothing for this Court to review in concluding whether this decision was based on substantial evidence." ECF No. 16, PageID.1121-25. She recommended the case be remanded to the ALJ for further analysis on the question of whether available jobs exist in significant numbers. This recommendation was adopted by Judge Tarnow.

Having won a remand, Plaintiff's counsel filed for fees under the Equal Access to Justice Act. ECF No. 21. This motion was referred to the Magistrate Judge. The government responded as to why counsel is not entitled to fees, and Plaintiff replied. ECF Nos. 22, 24. Judge Altman issued a Report and Recommendation regarding the fee petition. ECF No. 26. Plaintiff filed one Objection. ECF No. 27. This matter is now ripe for review by this Court.

## II. STANDARD OF REVIEW

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections (ECF No. 26) to the report and recommendation; Defendant filed a response (ECF No. 27) to Plaintiff's objections. This Court must conduct a de novo review of the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

Fees under the Equal Access to Justice Act are awarded if a plaintiff can satisfy three conditions: (1) she must be a "prevailing party"; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief. *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir.2006); *see* 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position was substantially justified, meaning that it had a "reasonable basis both in law and fact." *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

## III. ANALYSIS

Judge Altman's Report and Recommendation focused on condition (2),[1] and found that fees should not be granted because the government's arguments "had a reasonable basis in fact and the law." ECF No. 26, PageID.1206. Specifically, she found the government's reliance on *Taskila* for the proposition that the ALJ correctly determined jobs existed in significant numbers was not frivolous or unreasonable: while this reliance "was found to be misplaced . . . it does not follow that . . . [the government's] position was not substantially justified." *Id.*

Plaintiff concedes that it was not improper for the government to rely on *Taskila*. ECF No. 27, PageID.1213. His Objection is on a different ground: he states that because *Hall v. Bowen* is "settled and controlling case law" on the topic of how to determine whether work exists in significant numbers, it was error for the government to not discuss the *Hall v. Bowen* factors in its initial briefing. *Id.* Plaintiff's Objection in this case therefore requires the Court to consider a narrow question: can an *omission* lead to a finding that a legal argument was not substantially justified? Did the government's argument at summary judgment have a "reasonable basis both in law and fact" if it made no mention of *Hall v. Bowen*?

---

[1] There does not seem to be any dispute regarding Plaintiff's prevailing party status.

6

The Court finds that the government has met it burden of showing that its position was substantially justified, for at least two reasons. First, while the *Hall v. Bowen* factors are indeed settled law, there is no "magic formula" for their application. They provide criteria that the court "should consider . . . in determining whether work exists in significant numbers," but it remains the case that "[t]he decision should ultimately be left to the trial judge's common sense in weighing the statutory language." *Hall v. Bowen*, 837 F.2d at 275. There is no requirement that the case be cited by name or that every single factor be analyzed; the Sixth Circuit has clarified that the factors are "suggestions only—the ALJ need not explicitly consider each factor." *Harmon v. Apfel*, 168 F.3d 289, 292 (6th Cir. 1999). If the government felt that the ALJ's consideration of the *Hall v. Bowen* factors was sufficient and cognizable from the face of his decision, it was not otherwise required to discuss those factors in its summary judgment briefing. And it did not, instead relying on the *Taskila* case as support for its position. While this reliance was ultimately found to be unjustified, that does not mean the choice to omit argument about the *Hall* factors was legally unreasonable.

But shouldn't the government respond to a potentially meritorious arguments about error committed by the ALJ? Is it legally unreasonable not to do so? While there may be cases where such a failure to respond would be unreasonable, that is not this case. To begin, *Hall v. Bowen* was not mentioned by *either* side in their cross motions for summary

7

judgment. Plaintiff's argument at that stage was entirely focused on an analysis of the number of jobs that crosses the threshold of "significant work"; the government responded to that argument in its motion by citing *Taskila. See* ECF No. 13, PageID.1063-64; ECF No. 14, PageID.1089-90. Plaintiff's first mention of *Hall v. Bowen* was in his response to the government's motion for summary judgment. ECF No. 15, PageID.1101. The government went on to address the issue of the ALJ's consideration of the *Hall v. Bowen* factors at the first opportunity available to it: its Objection to Judge Altman's Report and Recommendation. ECF No. 17, PageID.1141. The Court does not agree with Plaintiff that it was legally unreasonable for the government to omit discussion of *Hall v. Bowen* in its original motion, particularly given Plaintiff did not raise it himself.

## CONCLUSION

As such, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Altman's Report and Recommendation (ECF No. 26) as this Court's findings of fact and conclusions of law. Plaintiff's Motion for Fees (ECF No. 21) is **DENIED**.

**IT IS SO ORDERED** this 12th day of July, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

8