UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE L. ISAAC,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 2:20-cv-11573
District Judge Terrence G. Berg
Magistrate Judge Kimberly G. Altman

**REPORT AND RECOMMENDATION ON UNOPPOSED
PETITION FOR SECTION 406(b) FEES (ECF No. 30)**

I.    Introduction

This is a social security case. Plaintiff Maurice L. Isaac (Isaac) brought this action under 42 U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Both parties filed summary judgment motions (ECF Nos. 13, 14), which were referred to the undersigned for a Report and Recommendation (R&R) under 28 U.S.C. § 636(b)(1)(B). The undersigned recommended that the Commissioner's motion be denied, Isaac's motion be granted in part and denied in part, and the matter be remanded for further proceedings under sentence four of 42 U.S.C. §

1

405(g).  (ECF No. 16).  The Commissioner objected.  (ECF No. 17).  The district court adopted the R&R, (ECF No. 19), and a judgment entered which is now final, (ECF No. 20).[1]  On remand, Isaac was awarded benefits.

Before the Court is Isaac's petition for attorney's fees under 42 U.S.C. 406(b) of the Social Security Act, (ECF No. 30), which has been referred to the undersigned for a Report and Recommendation under 28 U.S.C. 636(b)(1)(B), (ECF No. 32).  As will be explained, the Commissioner does not oppose the relief as clarified in Isaac's reply brief.   For the reasons that follow, the undersigned RECOMMENDS that the petition be GRANTED in the amount of $4,637.53.

## II.   Background

On remand, the Social Security Administration awarded benefits to Isaac. (ECF No. 30, PageID.1236).  Isaac's past-due award was affirmed to be $18,550.10.  (*Id*.).  This represents a judgment favorable to the claimant under § 406(b)(1)(A).  As such, Spencer has petitioned the Court for an award of attorney fees under that section.  (ECF No. 30).

In her initial brief, Isaac's counsel Kerry J. Spencer (Spencer) sought an award of $7,575.55, representing 34.45 hours of attorney work at a rate of $219.90

---

[1] Following the adoption of the R&R, Isaac filed a motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), (ECF No. 21), which the undersigned recommended be denied.  (ECF No. 26).  This recommendation was adopted over objections.  (ECF No. 29).

2

an hour. (*Id.*). In her reply brief, Spencer amended her request to $4,637.53, which represents an hourly rate of $134.62, after the Commissioner noted in its response that attorney fees are capped under § 406(b) at 25% of the claimant's past-due award. (ECF Nos. 31, 33). The Commissioner also noted that Spencer has a pending fee petition before the Social Security Administration under § 406(a), and if both fees are awarded, Spencer would be obligated to return $4,637.50 to Isaac.

In light of the parties' apparent agreement as to the amount of the fee, the undersigned held a telephone conference to discuss the possibility of resolving the matter by stipulation. During the conference, the Commissioner said it would agree to a stipulation provided Spencer withdraw § 406(a) petition for attorney fees before the Social Security Administration. However, the next day, the Commissioner filed a supplemental response stating that it may not "stipulate or agree to fee motions under § 406(b) as a matter of policy because prevailing plaintiffs and their counsel are the real parties in interest. Instead, the Commissioner files responses to § 406(b) motions advising the Court whether he opposes the motion pursuant to the trustee-like role described in *Gisbrecht* [*v. Barnhart*, 535 U.S. 789 (2002)]." (ECF No. 38, PageID.1285 (quoting *Rieth v. Saul*, 1:16CV0574, 2021 WL 3022911, at *2 (N.D. Ohio July 16, 2021))).

3

### III. Legal Standard

Section 406(b) allows an attorney fee of up to 25% of past due benefits under contingency-fee agreements, but the amount must be tested for reasonableness. *Gisbrecht*, 535 U.S. at 808-09. There is a rebuttable presumption that a contingency-fee agreement with a cap of 25% is reasonable, and such an award should be reduced only when there is evidence of ineffectiveness or when an attorney would receive an inordinate unwarranted windfall. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014); *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991). To avoid such windfalls, district courts are authorized to consider the attorney's hours and standard rates in reviewing the reasonableness of contingency fees. *See Gisbrecht*, 535 U.S. at 798 n.6.

Courts in the Sixth Circuit have found no windfall "when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Parish v. Comm'r of Soc. Sec.*, No. 13-cv-14410, 2017 WL 3084371, at *2 (E.D. Mich. July 20, 2017) (quoting *Hayes*, 923 F.2d at 422).

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately. . . . Such a result would thwart Congress's intention to

> assure social security claimants of good representation. . . . [This multiplier] provides a floor, below which a district court has no basis for questioning, under the . . . windfall rule for "minimal effort expended," the reasonableness of the fee. In other words, a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable.

*Hayes*, 923 F.2d at 422 (citing *Rodriquez v. Bowen*, 865 F.2d 739, 744 (6th Cir. 1989)). If the calculated hourly rate is above this floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee. *Id.*

## IV. Discussion

As noted above, the application of § 406(b)'s 25% cap on attorney fees renders Spencer's hourly rate for her work in federal court at $134.62. A review of cases from this district reveals that an hourly rate of $250 to $500 is standard and doubling and tripling that rate has been deemed appropriate for fees in disability benefits cases under *Hayes* and its progeny. *See Hardy v. Berryhill*, No. 18-10743, 2020 WL 4199608, at *3 (E.D. Mich. July 22, 2020) (approving fee resulting in effective hourly rate of $750); *Szostek v. Berryhill*, No. 14-11531, 2017 WL 6943420, at *2 (E.D. Mich. Nov. 22, 2017), *report and recommendation adopted*, 2018 WL 398443 (E.D. Mich. Jan. 12, 2018) (collecting cases).

Thus, the undersigned agrees with the Commissioner that the award of $4,637.53, representing an hourly rate of $134.62 before this Court, does not create

a windfall to Spencer. (ECF No. 31, PageID.1249). Moreover, Spencer has agreed that this amount is appropriate and requests it be awarded.

As for Spencer's § 406(a) petition before the Social Security Administration and her agreement with Isaac to return additional fee awards to Isaac, that is outside of this Court's jurisdiction and shall be handled between Spencer, Isaac, and the Administration.

## V. Conclusion

For the aforementioned reasons, the undersigned RECOMMENDS that the petition for attorney fees under § 406(b) be GRANTED and Spencer be awarded $4,637.53.


Dated: September 12, 2022　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge


## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Isaac v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2022.

s/Carolyn Ciesla  
CAROLYN CIESLA  
Case Manager