UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MAURICE L. ISAAC,** | **2:20-CV-11573-TGB-KGA** |
| Plaintiff, | |
| vs. | **ORDER ADOPTING REPORT** |
| **COMMISSIONER OF SOCIAL SECURITY,** | **AND RECOMMENDATION (ECF NO. 39)** |
| Defendant. | |

This matter is before the Court on Magistrate Judge Kimberly G. Altman's September 12, 2022 Report and Recommendation (ECF No. 39), recommending that Isaac's attorney be awarded attorney's fees under 42 U.S.C. § 406(b) in the amount of $4,637.53.

In September 2021, the Court remanded Isaac's case to the Social Security Administration for further proceedings under § 405(g). (ECF No. 20.) On remand, the Administration concluded that Isaac was disabled and awarded him $18,550.10 in past-due benefits. (ECF No. 31-1.)

Following this award, Isaac's attorney, Kerry J. Spencer, asked for attorney's fees under § 406(b). (ECF No. 30) The Court referred her request to Magistrate Judge Altman. (ECF No. 32.) In her initial brief, Spencer sought $7,575.55 in fees. (ECF No. 30.) After the Commissioner objected that attorney's fees under § 406(b) are capped at 25% of a claimant's award (ECF No. 31), Spencer amended her request to seek only $4,637.53 (ECF No. 33). Following a telephonic conference with the

1

Court, the Commissioner submitted an additional filing, concurring that Spencer's amended request was appropriate but stating that the Commissioner lacked authority to stipulate to it. The Commissioner further asserted that a fee award by the Court under § 406(b) would preclude an award under § 406(a) on a separate fee request Spencer had filed with the Administration. (ECF No. 38) Magistrate Judge Altman conducted her own independent analysis and concluded that Spencer was entitled to an award of $4,637.53 under § 406(b) for work on the case. (ECF No. 39.) Judge Altman further noted that the § 406(a) petition was outside of the Court's jurisdiction and that, in any event, Spencer and Isaac had reached an independent agreement concerning the § 406(a) petition.[1] (*Id.*)

The Court has reviewed the Magistrate Judge's Report and Recommendation and finds that it is well-reasoned and supported by the applicable law. The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report … to which objection is made." *Id*. Where, as here, neither party has objected to the report, the district court is not obligated to independently

---

[1] Specifically, Spencer represented in her brief that, if her request for $4,637.53 was approved, she would withdraw the fee request she submitted to the Administration. (ECF No. 33, PageID.1277)

review the record. *See Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). The Court will, therefore, accept the Magistrate Judge's Report and Recommendation as its findings of fact and conclusions of law.

Accordingly, it is **ORDERED** that Magistrate Judge Altman's Report and Recommendation (ECF No. 39) is **ACCEPTED** and **ADOPTED**. It is further **ORDERED** that Kerry J. Spencer is awarded a fee of $4,637.53 under 42 U.S.C. § 406(b).

**SO ORDERED** this 25th day of October, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

3